# In the United States Court of Federal Claims

No. 21-1279
(Filed Under Seal: April 26, 2022)
(Reissued for Publication: May 11, 2022)[1]

```
*****************************************
SWIFT & STALEY INC.,                     *
                                         *
            Plaintiff,                   *
                                         *
    v.                                   *
                                         *
THE UNITED STATES,                       *    RCFC 62(d); Injunction Pending
                                         *    Appeal; Substantial Case on the
            Defendant,                   *    Merits; Irreparable Injury.
                                         *
    and                                  *
                                         *
AKIMA INTRA-DATA, LLC,                   *
                                         *
            Defendant-Intervenor.        *
*****************************************
```

## MEMORANDUM OPINION AND ORDER

Pursuant to Rule 62(d) of the Rules of the United States Court of Federal Claims ("RCFC"), incumbent contractor and Plaintiff in this bid protest, Swift & Staley Inc. ("SSI"), requests that the Court stay its judgment entered on March 31, 2022, pending SSI's appeal to the United States Court of Appeals for the Federal Circuit. SSI's motion for stay pending appeal has been fully briefed, and the Court has determined that oral argument is not needed. Because SSI has demonstrated that it has a substantial case on the merits and the other injunctive relief factors tilt decidedly in SSI's favor, its motion is **GRANTED**.

A complete background and procedural history for this case may be found in the Court's Opinion and Order dated March 31, 2022 (the "March 31st Opinion"). *See* March 31, 2022 Order & Op. at 2-5, ECF No. 78 [hereinafter Op.]. For the immediate purposes, it is relevant to note that, in its March 31st Opinion, the Court affirmed a decision on remand by the Office of Hearings and Appeals ("OHA") of the U.S. Small Business Administration ("SBA") finding that

---

[1] This Memorandum Opinion and Order was filed under seal on April 26, 2022, *see* ECF No. 93, in accordance with the Protective Order entered on April 28, 2021, *see* ECF No. 13. The parties were given an opportunity to identify protected information, including source selection information, proprietary information, and confidential information, for redaction. Plaintiff filed a status report on May 10, 2022, with proposed redactions. ECF No. 96. Plaintiff proposes redaction of certain confidential information contained in the Memorandum Opinion and Order. *Id*. at 1. The status report indicates that Defendant and Defendant-Intervenor do not object to Plaintiff's proposed redaction and also do not propose additional redactions. *Id*. The Court accepts Plaintiff's proposed redaction. The redaction has been blackened out.

SSI is not a small business for the instant procurement on the grounds that SSI is affiliated through negative control with another business concern, Portsmouth Mission Alliance, LLC ("PMA"), in which SSI holds a minority interest. *Id.* at 12. In its opinion, the Court rejected SSI's argument that OHA violated the procedural regulation at 13 C.F.R. § 134.316(c) "when it *sua sponte* raised the issue of affiliation through negative control as a matter of first impression." *Id.* at 7. In relevant part, § 134.316(c) states that "[t]he [OHA] Judge will not decide substantive issues raised for the first time on appeal[.]" 13 C.F.R. § 134.316(c). The Court concluded that the OHA judge did not violate this regulation because the issues of affiliation and negative control were first raised to the SBA Area Office, prior to SSI's appeal to OHA. Op. at 7. Shortly after the Court's March 31st Opinion was issued, SSI filed its notice of appeal and its motion for a stay and injunction pending appeal pursuant to RCFC 62(d). *See* ECF Nos. 80-81. In its motion, SSI requests that the Court immediately stay its March 31, 2022 judgment and enjoin the government from terminating SSI's contract, identifying a new awardee, and awarding a contract to a contractor other than SSI pending SSI's appeal. Pl.'s Mem. in Supp. of Mot. at 1, ECF No. 82 [hereinafter Pl.'s Mem.].

Under RCFC 62(d), the Court has the authority to grant an injunction while an appeal of a final judgment is pending. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To demonstrate a right to injunctive relief, a plaintiff must establish that: 1) it is likely to succeed on the merits of its claim; 2) it will suffer irreparable harm in the absence of injunctive relief; 3) the balance of hardships weighs in the plaintiff's favor; and 4) the injunctive relief will not be contrary to public interest. *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993); *see also Land Shark Shredding, LLC v. United States*, 142 Fed. Cl. 301, 305-06 (2019). "Each factor, however, need not be given equal weight." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). Rather, the factors are analyzed using a flexible approach and do not serve as a set of rigid rules. *Alt. Carbon Res., LLC v. United States*, 138 Fed. Cl. 548, 556 (2018).

Under this flexible approach, when the harm to a movant is great enough, the court will not require "a strong showing" that the movant is "likely to succeed on the merits." *Standard Havens*, 897 F.2d at 513 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). When a movant is unable to establish a likelihood of success on the merits, it may be enough for the court to grant an injunction if the movant demonstrates that it has a "substantial case on the merits" and that the other factors tilt decidedly in favor of the movant. *See Hilton*, 481 U.S. at 778; *see also Standard Havens*, 897 F.2d at 512-13 (quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)) (stating when there "is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success" then "[a]n order maintaining the status quo is appropriate"); *JWK Int'l Corp. v. United States*, 49 Fed. Cl. 364, 366 (2001) (stating "if the harm factors weigh heavily in [plaintiff's] favor, plaintiff only needs to demonstrate a substantial case on the merits").

In this instance, the Court cannot determine that SSI has a strong likelihood of success on its appeal but nevertheless finds that SSI has presented a substantial case on the merits. A movant seeking an injunction pending appeal has the daunting task of convincing a court, having just ruled against the movant, that the movant is likely to succeed on the merits of its claim on

appeal. Likewise, a court would have difficulty finding that a movant is likely to succeed on its appeal without contradicting the court's own prior opinion. Thus, requiring a movant to make a strong showing that it is likely to succeed on the merits of its appeal all but predetermines the outcome of a motion for an injunction pending appeal. A court may, however, reasonably consider whether the issue to be appealed constitutes a "substantial case on the merits." *See Hilton*, 481 U.S. at 778; *see also Standard Havens*, 897 F.2d at 512-13. An issue constitutes a "substantial case on the merits" if it is sufficiently difficult to make it fair grounds for litigation. *See Standard Havens*, 897 F.2d at 513 (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953)) (stating "it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation"). Additionally, when an issue is one of first impression, it weighs in favor of finding a "substantial case on the merits." *See Akima Intra-Data, LLC v. United States*, 120 Fed. Cl. 25, 28 (2015); *see also PDS Consultants, Inc. v. United States*, 133 Fed. Cl. 810, 817 (2017).

SSI has presented a substantial case on the merits because the meaning of "raised" in the context of § 134.316(c) is an issue of first impression that provides fair ground for SSI's appeal. SSI argues that its appeal of this issue "meets the requirements for a substantial case on the merits because the appeal involves a novel and difficult issue regarding application of a U.S. Small Business Administration ("SBA") regulation." Pl.'s Mem. at 1. Section 134.316(c) does not define "raised," and SSI asserts that the Court was incorrect when it ruled that the issue of affiliation through negative control between SSI and PMA had been "raised" before the Area Office, prior to its appeal before OHA. *See id.* at 7-9. While the Court rejected SSI's arguments on this issue after careful consideration, the Court acknowledges that SSI advanced plausible arguments as to make this issue fair ground for litigation. Further, the Court recognizes that the meaning of "raised" as used in § 134.316(c) is an issue of first impression. The Court has already expressed its view on this issue in its March 31st Opinion and thus cannot conclude that SSI has a high probability of success at the appellate level. Nevertheless, SSI has presented a substantial case on the merits, which, at a minimum, represents that it may have a reasonable possibility of success on appeal. *See Telos Corp. v. United States*, 129 Fed. Cl. 573, 575-76 (2016) (stating that "an injunction is possible even when success on the merits is not probable, but this requires a 'substantial case on the merits'"). Therefore, the Court must look to the remaining factors to determine whether an injunction is warranted. *See PDS Consultants*, 133 Fed. Cl. at 817 (finding that "the decision to grant or deny a stay will turn on the court's evaluation of the equities" because the movant had a substantial case on the merits of its appeal); *Akima Intra-Data*, 120 Fed. Cl. at 28 (looking to the other factors for injunctive relief because it was "not possible to determine the likelihood of success on appeal").

For SSI to be entitled to an injunction pending appeal, it must demonstrate that the other injunctive relief factors tilt *decidedly* in its favor. *RLB Contracting, Inc. v. United States*, 120 Fed. Cl. 681, 682 (2015). In this case, the Court finds that they do. First, absent an injunction, SSI will undoubtedly suffer irreparable harm. SSI is an employee-owned business based in Paducah, Kentucky that derives ▓ of its revenue from its contract with the Department of Energy ("DOE") to perform facility support services at the Paducah gaseous diffusion plant. Am. Compl. ¶ 9, ECF No. 53. Given the significant percentage of SSI's revenue that it derives from the contract, SSI's loss of the contract would legitimately threaten SSI's viability as an operating

3

business. Additionally, without an injunction, SSI will not have an adequate remedy if it were to succeed in its appeal. DOE selected SSI for contract award under the instant solicitation. As a result of OHA's decision finding that SSI is not a small business under the solicitation size standards and the Court's March 31st Opinion affirming OHA's decision, SSI has been deemed ineligible for the contract. Consequently, DOE may decide to terminate SSI's contract, identify another contractor for contract award under the solicitation, and allow the new contractor to proceed with the facility support services at the Paducah plant. In such event, even if SSI were to prevail in its appeal, SSI would have lost the opportunity to compete for the contract, which SSI had been previously awarded by DOE. Because SSI stands to lose an overwhelming percentage of its revenue and SSI would also lose its opportunity to compete for the contract, the Court finds that SSI has demonstrated that it would suffer irreparable harm if an injunction pending appeal is not issued. *Am. Corr. Healthcare, Inc. v. United States*, 137 Fed. Cl. 395, 421 (2018).

      Next, the balance of hardships likewise favors issuing an injunction. Without an injunction, SSI may cease to exist and, even if it prevails on appeal, have no meaningful remedy. On the other hand, neither the government nor Defendant-Intervenor, Akima Intra-Data, LLC ("Akima"), have demonstrated that they will suffer significant hardship if an injunction is granted. The government argues that an injunction would further delay critical projects at the Paducah plant, which cannot be assigned and completed under short term bridge contracts. Def.'s Resp. at 9-10, ECF No. 87. However, throughout this litigation, the government has expressed its willingness to maintain the *status quo* and has demonstrated that it is able to effectively continue operations at the Paducah plant during the pendency of this litigation. *See* Compl. ¶ 12 n.4, ECF No. 1; July 22, 2021 Oral Arg., Tr. at 95, ECF No. 36. The Court is not persuaded that an injunction pending appeal will result in delays that DOE will not be able to manage. The government also argues that an injunction would risk an unacceptable gap in service under the contract if a subsequent bridge contract were to be protested. *Id*. at 10. This risk is too speculative to outweigh the real hardship facing SSI in the absence of an injunction. *See Standard Havens*, 897 F.2d at 516. Akima has similarly not demonstrated that it will suffer significant hardship. While Akima succeeded in its size protest challenging SSI's eligibility for award under the solicitation, Akima is still an unsuccessful offeror under the solicitation. If an injunction is issued, Akima's competitive position will not be materially different from its position during the pendency of the litigation before this Court. Akima will remain an eligible offeror under the solicitation, and, if SSI does not prevail on appeal, Akima will still be able to compete against the remaining eligible offerors for a contract award. In sum, an injunction pending appeal may result in some temporary harm to the government and Akima, but such harm is far outweighed by the potential significant harm to SSI.

      Lastly, granting injunctive relief would not be contrary to the public interest, which in this case favors maintaining the *status quo*. SSI has performed the facility support services at the Paducah plant for over fifteen years. *See* Pl.'s Mem. at 4. Additionally, the quality of SSI's services is not in question, as DOE selected SSI as the "best value" offeror and awarded SSI with a new contract to continue performing facility support services. *Id*. at 1. As such, public interest favors preserving the award to SSI *if* SSI is ultimately deemed to be eligible for such award. Further, if SSI succeeds on appeal, any transition from SSI to another contractor undertaken by DOE during the pendency of SSI's appeal would be a wasted effort, which, in addition to being inefficient, has the potential to cause substantial disruption to SSI's employee base in Paducah.

*See Serco, Inc. v. United States*, 101 Fed. Cl. 717, 722 (2011). Accordingly, the public interest is best served by maintaining the *status quo* until resolution of SSI's appeal.

For the reasons above, SSI's motion for a stay and injunction pending appeal, ECF No. 81, is **GRANTED**. The Court's March 31st Opinion is stayed until SSI's appeal has been resolved. Further, the government is enjoined from terminating SSI's Contract No. 89303321DEM000056, identifying a new awardee under Solicitation No. 89303319REM000057, and awarding a contract to a contractor other than SSI under Solicitation No. 89303319REM000057 until SSI's appeal has been resolved.

Some information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered on April 28, 2021. ECF No. 13. Accordingly, this Memorandum Opinion and Order is filed **UNDER SEAL**. The parties **SHALL CONFER** and **FILE** on or before **May 10, 2022**, a joint status report that: identifies the information, if any, that the parties contend should be redacted; explains the basis for each proposed redaction; and includes an attachment of the proposed redactions from this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
